IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 17-cr-00225-LKG |
| ANDREW DEAN BAILEY, | ) ) | Dated: December 13, 2024 |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S POST-CONVICTION MOTIONS**

**I.     INTRODUCTION**

Defendant *pro se*, Andrew Dean Bailey, has filed the following post-conviction motions in the above-captioned criminal matter: (1) a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 71); (2) a motion to reduce sentence, pursuant to Amendment 821 (ECF No. 91); and (3) a motion to appoint counsel (ECF No. 82).  Mr. Bailey's motions for compassionate release and to reduce sentence are fully briefed.  ECF Nos. 71, 86, 91 and 99.  No hearing is necessary to resolve these motions.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **DENIES** Mr. Bailey's motion for compassionate release (ECF No. 71); (2) **DENIES** Mr. Bailey's motion to reduce sentence (ECF No. 91); and (3) **DENIES** Mr. Bailey's motion to appoint counsel (ECF No. 82).

**II.    BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Andrew Dean Bailey, is currently serving concurrent 120-month sentences of imprisonment after having been convicted of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 42.

On April 26, 2017, Mr. Bailey was charged in a three-count Indictment with: (1) possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §

922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  ECF No. 1.

On August 29, 2017, the parties executed a Rule 11(c)(1)(C) Plea Agreement, in which Mr. Bailey agreed to plead guilty as to Counts One and Two of the Indictment.  ECF No. 28.  In the Plea Agreement, the parties stipulated that:

> [T]his Office's position is that the Defendant is a Career Offender as that term is defined by U.S.S.G. § 4B1.1(a), and, as a result, the Defendant's adjusted offense level increases to 32, pursuant to U.S.S.G. § 4B1.1(b)(3), because the instant offense bears a maximum penalty of 20 years or more but less than 25 years.  If the Career Offender guidelines apply, the Defendant's Criminal History category is VI, pursuant to U.S.S.G. § 4B1.1(b).  The Defendant reserves the right to argue that the Defendant is not a Career Offender and that the Career Offender Guidelines do not apply. . . .

*Id*. at ¶ 6(c).  The parties also stipulated to a sentence of 120 months of imprisonment each for Counts One and Two, to run concurrently, resulting in a total sentence of 120 months of imprisonment.  *Id*. at ¶ 9.  And so, on October 27, 2017, Mr. Bailey pled guilty to counts One and Two of the Indictment.  ECF No. 27.

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office for Mr. Bailey's sentencing hearing provides that Mr. Bailey "[was] a career offender," pursuant to U.S.S.G. § 4B1.1(a), based upon his two prior state felony controlled substance offense convictions.  ECF No. 31 at ¶ 24 ("Chapter Four Enhancement: [. . .] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").  In this regard, Mr. Bailey was previously convicted of possession of CDS with intent to distribute on two occasions in the Circuit Court for Montgomery County, Maryland (Docket Nos. 104352C and 110858C).  *Id*.

The Court held a sentencing hearing on February 8, 2018.  ECF No. 40.  During the sentencing hearing, the Court considered, among other things: (1) the nature and circumstances of Mr. Bailey's offenses; (2) Mr. Bailey's age; and (3) Mr. Bailey's criminal record, including his prior firearms-related convictions.  *Id*.  The Court also adopted the factual findings and advisory Guideline calculations contained in the PSR.  *Id*.; *see also* ECF No. 43 at 1.

In addition, the Court determined that Mr. Bailey was a "career offender."  ECF No. 40; ECF No. 43 at 3.  Given this, the Court concluded that, pursuant to U.S.S.G. Section 4B1.1(a),

2

the applicable Guidelines range for Mr. Bailey's offenses was 151 months to 188 months of imprisonment, based upon a final offense level of 29 and a criminal history category of VI. ECF No. 43 at 1. And so, the Court sentenced Mr. Bailey to a 120-month term of imprisonment for each of the two counts, to run concurrently, to be followed by a three-year term of supervised release. ECF No. 42 at 3.[1]

On August 4, 2022, Mr. Bailey filed a motion for compassionate release. ECF No. 71. On July 10, 2023, Mr. Bailey filed a motion to appoint counsel. ECF No. 82. On August 17, 2023, the Government filed a response in opposition to Mr. Bailey's motion for compassionate release. ECF No. 86.

On November 7, 2023, Mr. Bailey submitted a letter to the Clerk of the Court, which states that:

> I am writing concerning the new sentencing commission amendment pass (sic) by Congress. I would like to know if I meet the criteria of the amendment. Any assistant (sic) you provide would be helpful. Thank you for your time and attention to this matter.

ECF No. 91. The Court construes Mr. Bailey's letter as a motion to reduce his sentence, pursuant to Amendment 821.[2] On September 27, 2024, the Government filed a response in opposition to Mr. Bailey's motion. ECF No. 99.

The Defendant's motions having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

####   A.   **Compassionate Release**

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see United*

---

[1] On February 11, 2019, Mr. Bailey filed a motion to vacate, pursuant to 28 U.S.C. § 2255, which was denied by the Court. ECF Nos. 50, 74.

[2] On August 31, 2022, the Office of the Federal Public Defender for the District of Maryland informed the Court that it would not provide assistance of counsel to Mr. Bailey regarding his motion for compassionate release. ECF No. 76. On June 6, 2024, the Office of the Federal Public Defender filed an additional notice, informing the Court that it "will not be filing a supplement to the *pro se* motion" to reduce sentence, pursuant to Amendment 821. ECF No. 96.

*States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug. 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). But, in December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018).

Given this, the Court has held that, as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release. *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

4

>to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. at *3.  And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the United States Sentencing Commission (the "Commission") in U.S.S.G. § 1B1.13.  *Id.*

The Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).  Relevant to the pending motion, Section 1.1B.13 of the Sentencing Guidelines defines "extraordinary and compelling reasons" involving a Defendant's medical conditions as follows:

>(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>(B) The defendant is —
>
>>(i) suffering from a serious physical or medical condition;
>>
>>(ii) suffering from a serious functional or cognitive impairment, or
>>
>>(iii) experiencing deteriorating physical or mental health because of the aging process,
>
>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and  from which he or she is not expected to recover.
>
>(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

5

> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In addition, the Sentencing Guidelines provide that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id*. § 1B1.13(b)(6). Section 1B1.13(b)(5) of the Sentencing Guidelines also provides for a reduction of sentence if the defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in Section 1B1.13(b)(1)-(4), "are similar in gravity." *Id*. §1B1.13(b)(5). Lastly, the Sentencing Guidelines provide that:

> [R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

*Id*. § 1B1.13(d).

**B.     Amendment 821**

Amendment 821 to the Sentencing Guidelines was made effective on November 1, 2023. U.S.S.G. Amend. 821, Pt. B.  This amendment, among other things, alters the application of the Sentencing Guidelines for certain offenders who earned criminal history "status points," based upon the commission of an offense while serving a criminal sentence, or presented zero criminal history points at the time of sentencing.  U.S.S.G. §§ 4A1.1(e), 4C1.1.  The provisions are subject to retroactive application.  *Id*.

## IV.     ANALYSIS

Mr. Bailey has filed the following post-conviction motions: (1) a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 71); (2) a motion to reduce sentence, pursuant to Amendment 821 (ECF No. 91); and (3) a motion to appoint counsel (ECF No. 82). With regards to his motion for compassionate release, Mr. Bailey argues that the Court should reduce his sentence by at least 24 months, because: (1) his sentence is longer and more excessive than similarly situated defendants and longer than would have been imposed today; (2) he has completed "evidence-based rehabilitative" classes and is at low risk of recidivism; and (3) his sentence has been more punitive that warranted due to the Covid-19 pandemic and his health conditions.  ECF No. 71.  Mr. Bailey does not advance any argument to support his motion to reduce sentence pursuant to Amendment 821.  ECF No. 91.  Lastly,  Mr. Bailey also seeks Court-appointed counsel to assist him with his motion for compassionate release.  ECF No. 82.

In its response in opposition to Mr. Bailey's motion for compassionate release, the Government argues Mr. Bailey has neither shown an extraordinary and compelling reason for compassionate release, nor that the Section 3553(a) factors support compassionate release.  ECF No. 86.  In this regard, the Government argues that Mr. Bailey has not established an extraordinary and compelling circumstance, because: (1) he has not shown eligibility for compassionate release based upon his age, medical condition, or family circumstances; (2) he has not shown any other circumstances, or combination of circumstances that would warrant compassionate release; (3) the evidence shows that his sentence was not disproportionate to similarly situated criminal defendants; (4) he has not shown that he would have received a lighter sentence if convicted today, given his prior marijuana-related convictions; (5) the impact of the Covid-19 pandemic on his health conditions do not warrant compassionate release; and (6) his efforts at rehabilitation while imprisoned do not justify compassionate release, because rehabilitation, by itself, is not an

extraordinary and compelling reason for compassionate release. *Id*. at 7-11. The Government also argues that the Section 3553(a) factors require that the Court not disturb Mr. Bailey's sentence, because: (1) he has been convicted of serious gun and drug-related offenses; (2) he has an extensive criminal history; and (3) he knowingly and voluntarily agreed to the sentence imposed by the Court during his plea hearing. *Id*. at 11-13. Lastly, the Government argues that Mr. Bailey has not shown that he is eligible for a reduction in his sentence pursuant to Amendment 821. ECF No. 99. And so, the Government requests that the Court deny Mr. Bailey's motions for compassionate release and to reduce sentence. ECF No. 86 at 13; ECF No. 99 at 3.

For the reasons that follow, Mr. Bailey has not shown extraordinary and compelling reasons for compassionate release, pursuant to Section 3582(c)(1)(A), and the Section 3553(a) factors also do not support compassionate release. Mr. Bailey similarly fails to show that he is eligible for a reduction of sentence, pursuant to Amendment 821. And so, the Court: (1) DENIES Mr. Bailey's motion for compassionate release; (2) DENIES Mr. Bailey's motion to reduce sentence, pursuant to Amendment 821; and (3) DENIES Mr. Bailey's motion to appoint counsel.

**A.    The Defendant Has Not Shown Extraordinary
And Compelling Reasons To Reduce His Sentence**

As an initial matter, Mr. Bailey has not shown an extraordinary and compelling reason to warrant his release on compassionate release grounds. Pursuant to Section 3582(c)(1)(A), the Court may modify Mr. Bailey's sentence, if he shows that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug. 3, 2020).

In this case, Mr. Bailey argues that the Court should reduce his sentence by at least 24 months, because: (1) his sentence is longer and more excessive than similarly situated defendants and longer than would have been imposed today; (2) he has completed "evidence-based rehabilitative" classes and is at low risk of recidivism; and (3) his sentence has been more punitive that warranted due to the Covid-19 pandemic and his health conditions. ECF No. 71. Mr. Bailey's arguments are not persuasive for several reasons.

First, Mr. Bailey argues without persuasion that his 120-month concurrent sentences in this case are disproportionate to similarly situated defendants. *Id*. at 4-5. During Mr. Bailey's

sentencing hearing, the Court determined that he was a "career offender" and that the applicable Sentencing Guidelines range for his offenses was 151 months to 188 months of imprisonment, based upon a final offense level of 29 and a criminal history category of VI. ECF No. 43 at 1. The Court sentenced Mr. Bailey to a 120-month term of imprisonment for each of the two counts, to run concurrently, to be followed by a three-year term of supervised release. ECF No. 42 at 3. This sentence is 31 months below the bottom of the Guidelines range determined by the Court.

The Court has previously observed that Mr. Bailey's sentences "fall[] at the bottom of the sentencing guidelines that would have been applicable even absent a career offender designation." *See* ECF No. 74 at 11 (denying Mr. Bailey's motion to vacate sentence while noting that even without a "career offender" designation, which was predicated on the Defendant's possession with intent to distribute CDS convictions, the Guidelines range for Mr. Bailey's sentence would have been 120-150 months). Given this, the evidence before the Court does not support Mr. Bailey's claim that his sentence is longer and more excessive than similarly situated defendants.

Mr. Bailey also fails to show that he would receive a lighter sentence in this matter if he were sentenced today, because his "prior marijuana convictions could and most likely would be considered less serious" than they were considered at the time he was convicted of those offenses. While Mr. Bailey may be correct in arguing that his prior state marijuana convictions would receive a lower sentence today, he has not shown that this Court would have imposed a lighter sentence in this case, if he were sentenced today.

Second, Mr. Bailey's participation in "evidence-based rehabilitative" classes during his period of incarceration, while commendable, is not an extraordinary and compelling reason for compassionate release. Section 1B1.13(d) of the Sentencing Guidelines provides that:

> [R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d). Given this, Mr. Bailey's rehabilitation, alone, is not a sufficient ground for compassionate release. *Id*.

Lastly, Mr. Bailey's argument that extraordinary and compelling reasons are present in this case, because his sentence has been more harsh that anticipated by the Court due to the Covid-19 pandemic and its impact on his health, is equally unavailing. ECF No. 71 at 5-7. Mr. Bailey argues that, due to the Covid-19 pandemic, he has been subjected to long periods of lockdown, during which he was confined to his cell for months at a time and denied access to psychological services, programs, recreational services and contact with his family. *Id*. at 6. Mr. Bailey also argues that the Covid-19 pandemic has had an adverse and devastating effect on his "psyche and rehabilitation and physiology." *Id*. at 7. Accepting these allegations as true, such circumstances do not constitute extraordinary and compelling reasons to warrant compassionate release. *Id*. Notably, Mr. Bailey has not shown that any of his physical or mental health conditions have been significantly exacerbated by the alleged conditions of his incarceration, to justify compassionate release. *See e.g. United States v. Salas*, 2023 WL 3918695 at *1 (4th Cir. 2023) (quoting *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)) (holding that an "inmate must show at least 'that the risk of contracting Covid-19 in prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of Covid-19'").

In addition, on May 11, 2023, the President and the Centers for Disease Control and Prevention issued a proclamation declaring that Covid-19 is no longer a national pandemic due to advancements in developing a vaccine, which has led to lower contraction and infection rates. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. Given this, the evidence before the Court shows that Mr. Bailey is at no greater risk from Covid-19 than other inmates and members of the general public who have similar underlying health conditions.

For these reasons, the impact of the Covid-19 pandemic, alone, or in combination with Mr. Bailey's participation in rehabilitation classes and the alleged sentencing disparities in this case, are insufficient to show an extraordinary and compelling reason to warrant his compassionate release. U.S.S.G. § 1B1.13(b)(5).

### B.   The Section 3553(a) Factors Do Not Support Compassionate Release

The Court also agrees with the Government that the applicable Section 3553(a) factors weigh against reducing Mr. Bailey's sentence, even if he could show an extraordinary and compelling reason for compassionate release. To be entitled to relief under Section 3582(c)(1)(A)(i), Mr. Bailey must also show, among other things, that the factors set forth in 18

10

U.S.C. § 3553(a) countenance a reduction in his sentence. *Wiggins*, 2020 WL 4436373, at *3. In this case, the relevant Section 3353(a) factors do not support compassionate release.

Mr. Bailey stands convicted of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 42. These are serious felony offenses.

Mr. Bailey also has a significant criminal history, which includes two prior state convictions for possession of CDS with intent to distribute. ECF No. 31 at ¶¶ 24, 33-37. Given the serious nature of the offenses at issue, and Mr. Bailey's criminal history, the Court is satisfied that the 120-month concurrent sentences imposed in this case were appropriate. And so, the Court DENIES Mr. Bailey's motion for compassionate release.

### C. The Defendant Is Not Eligible For Relief Under Amendment 821

As a final matter, Mr. Bailey has also not shown that Amendment 821 is applicable to this case. Amendment 821 may apply retroactively to alter the application of the Sentencing Guidelines for certain offenders who earned criminal history "status points," based upon the commission of an offense while serving a criminal sentence, or presented zero criminal history points at the time of sentencing. U.S.S.G. §§ 4A1.1(e), 4C1.1. But, at the time of the sentencing at issue here, Mr. Bailey could not have had zero criminal history points, because he was determined by the Court to be a "career offender" under the Sentencing Guidelines. ECF No. 31 at ¶ 24. A "career offender" must have more than zero criminal history points, due to the need for qualifying prior convictions. Criminal history status points also appear to be irrelevant to Mr. Bailey's case, because the Sentencing Guidelines establish the criminal history category for a career offender. U.S.S.G. § 4B1.1. Given this, Mr. Bailey would not be eligible for a reduction in status points under Part A of Amendment 821 and he would also not be eligible for a two-level downward adjustment in offense level under Part B, Subpart 1 of Amendment 821. And so, the Court also DENIES his motion to reduce sentence pursuant to Amendment 821.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. Bailey's motion for compassionate release (ECF No. 71);

(2) **DENIES** Mr. Bailey's motion to reduce sentence (ECF No. 91); and

11

(3) **DENIES** Mr. Bailey's motion to appoint counsel (ECF No. 82).[3]

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge

---

[3] It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). While due process mandates the appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to Section 3582(c) does not fit into this category. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000).